UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. GALLAGHER,<br><br>                                    Plaintiff,<br><br>v.<br><br>DAVID PHILIPPS and KENNETH JOHN BRAITHWAITE, II, in his capacity as Secretary of the Navy,<br><br>                                    Defendants. | Case No.:  20cv993-JLS(BLM)<br><br>**ORDER DENYING DEFENDANT PHILIPPS'S EX PARTE MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 28]** |

On September 28, 2020, Defendant David Philips ("Defendant Philipps") filed an Ex Parte Motion to Continue Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC").  ECF No. 28 ("Mot.").  The Court issued a briefing schedule on September 29, 2020 [ECF No. 30] and Defendant Kenneth John Braithwaite, II ("Defendant Braithwaite") and Plaintiff Edward R. Gallagher ("Plaintiff") timely filed their oppositions on October 2, 2020.  ECF Nos. 31 ("Braithwaite Oppo.") and 32 ("Gallagher Oppo.").  Defendant Philipps timely filed a reply on October 6, 2020.  ECF No.  ("Reply").

Defendant Philipps requests that the Court stay the ENE and CMC set for October 19, 2020 until District Judge Janis L. Sammartino rules on his pending motion to strike or, alternatively, dismisses Plaintiff's first amended complaint (the "anti-SLAPP motion").  Mot. at 2. In support of his motion, Defendant Philipps states that "Plaintiff's claims target Mr. Philips's

constitutionally protected speech" and "[c]ourts have made clear that early dismissal at the pleading stage is especially appropriate in cases . . . that invoke significant First Amendment rights." Id. (citing Winter v. DC Comics, 30 Cal. 4th 881, 892 (2003)).  In further support, Defendant Philipps states that he anticipates that his pending anti-SLAPP motion will resolve all of Plaintiff's claims against him.  Id. at 2.

Defendant Braithwaite argues that he opposes Defendant Philipps's motion to the extent Defendant Philipps does no seek a stay of all discovery and discovery would continue without the benefits of the CMC or initial disclosures.  Braithwaite Oppo. at 2.  Initially, Defendant Braithwaite contends that the CMC "allows the Court to set discovery deadlines and resolve or at least offer helpful guidance regarding foreseeable disputes such as those regarding the appropriate subject matter and scope of discovery."  Id.  Furthermore, Defendant Braithwaite asserts that the benefit of initial disclosures is that they "make the parties aware of 'potential sources of discoverable information and the general nature of that information.'"  Id. at 3 (quoting New York Life Ins. Co. v. Morales, No. CIV.06CV1022-B(BLM), 2008 WL 2622875, at *4 (S.D. Cal. July 1, 2008)).  Defendant Braithwaite argues that initial disclosures "assist the parties in determining which depositions and written discovery requests are necessary to prove their claims or defenses" and "will undoubtedly help conserve the parties' time and resources" by promoting discovery requests that are "proportional to the needs of the case."  Braithwaite Oppo. at 3.  Finally, Defendant Braithwaite notes that he is not opposed to the Court granting a stay of the ENE and CMC so long as the Court also stays all discovery until Defendant Philipps's Anti-SLAPP Motion is resolved.  Id. at 4.

Plaintiff argues that Defendant Philipps's Motion "does not present any valid reasons that would constitute good cause for a continuance."  Gallagher Oppo. at 2.  Plaintiff contends that Defendant Philipps fails to establish why settlement discussions "could unnecessarily lengthen the litigation" or why Plaintiff's decision to consolidate his causes of action would affect the ENE, CMC, or initial disclosures.  Id. at 2-3.  Specifically, Plaintiff asserts that the "discovery in this case will significantly overlap for the various causes of action" and Defendant Philipps's motion fails to explain how this will negatively affect him, "other than the fact that he will be involved

1    in this matter even if he is no longer a party after resolution of his Anti-SLAPP motion." Id. at

2    3.  Additionally, Plaintiff argues that an ENE encourages early resolution of a case and presents

3    an opportunity to avoid lengthy litigation, which is the "very thing Defendant Philipps supposedly

4    wants to achieve." Id.  Plaintiff notes that Defendant Philipps's defense is being funded by the

5    New York Times, which has a policy against settling defamation lawsuits.  Id.  Plaintiff contends

6    that "the real reason" why Defendant Philipps does not want to participate in the ENE is because

7    he is "prevented from engaging in good faith negotiations at the direction of the third-party

8    paying his fees." Id.  Finally, Plaintiff argues that "an anti-SLAPP motion brought in federal court

9    in California violates the Federal Rules of Civil Procedure (FRCP) when it prevents application of

10   the usual federal standards, including regarding discovery." Id. (citing Rogers v. Home Shopping

11   Network, Inc., 57 F.Supp.2d 973 (C.D. Cal. 1999)).  Therefore, Plaintiff asserts that Defendant

12   Philipps's pending Anti-SLAPP Motion would violate the FRCP if this Court were to postpone the

13   ENE, CMC, or start of discovery. Id. at 4.

14          Defendant Philipps replies that good cause exists for a continuance of the ENE and CMC

15   because the "delay sought likely will be minimal" and "[i]t makes little sense to compel Mr.

16   Philipps to participate in what amounts to a second form of early case resolution . . . when the

17   legislature has already provided for early case resolution for this specific kind of case, via the

18   anti-SLAPP statute." Reply at 2.  Defendant Philipps also argues that, unless Plaintiff intends to

19   offer to compensate Defendant Philipps for his costs, the claims will not be resolved until the

20   Court rules on the anti-SLAPP motion, which triggers an automatic award of attorneys' fees. Id.

21   Defendant Philipps further contends that Plaintiff's speculation is misplaced in regard to

22   Defendant Philipps's relationship with the New York Times being the reason for his refusal to

23   settle now. Id.  Defendant Philipps argues that "Plaintiff's claims are meritless and designed to

24   chill truthful, nonactionable reporting on matters of public record" and that Defendant Philipps

25   "has no interest in settling such a claim." Id.  Finally, Defendant Philipps asserts that a motion

26   to strike under California Civil Code of Procedure section 425.16 that challenges the legal

27   sufficiency of a plaintiff's claim is reviewed under the same standard as a Federal Rule of

28   Procedure 12(b)(6) motion to dismiss and, therefore, that discovery should be stayed pending

resolution of the motion.  Id. at 3 (citing Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 834 (9th Cir. 2018)).

Plaintiff's reliance on Rogers is incorrect.  In Rogers, the court stated that a defendant may "file a special motion to strike immediately upon being served with the complaint" and this "filing automatically stays all further discovery."  Rogers, 57 F. Supp. 2d at 980.  The court further noted that this stay of discovery occurs "[i]f a defendant makes a special motion to strike based on alleged [legal] deficiencies in the plaintiff's complaint" in which case "the motion must be treated in the same manner as a motion under Rule 12(b)(6)."  Rogers, 57 F. Supp. 2d at 983; see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 834 (9th Cir.) (holding that "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated").  The Ninth Circuit affirmed Rogers and stated, "on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply" and "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court."  Planned Parenthood, 890 F.3d at 834.

In his anti-SLAPP motion, Defendant Philipps moves for an order striking the second, third, fourth, fifth, sixth, seventh, and eighth causes of action in Plaintiff's first amended complaint, or in the alternative, dismissing all of Plaintiff's claims against him pursuant to Rule 12(b)(6).  ECF No. 26 at 2.  Defendant Philipps argues that his motion challenges only the legal sufficiency of Plaintiff's claims[1], thereby requiring a stay of discovery.  Id. at 3.  However, upon

---

[1] Defendant Philipps argues that Plaintiff's libel claims fail because: (1) Plaintiff fails to identify any specific defamatory statements; (2) Plaintiff did not timely demand a correction under either California or Florida law and did not plead he suffered special damages; (3) the articles at issue constitute a fair and true report of government proceedings against Plaintiff; (4) Plaintiff cannot show any statement is substantially false; (5) other statements are non-actionable opinion; and (6) other statements are not "of and concerning" Plaintiff.  Id. at 3.  Defendant Philipps further contends that Plaintiff's intentional infliction of emotional distress claim against him fails because (1) it is duplicative of his libel claims; (2) Mr. Philipps's truthful news reporting about Plaintiff's alleged war crimes was not sufficiently egregious to be actionable; and (3) Plaintiff fails to plead

further inspection, the Court notes that Defendant Philipps's motion could involve issues of fact in addition to issues of law.  Specifically, Defendant Philipps contends that "Plaintiff cannot show that any statement is false, much less substantially false."  Id. at 28.  In conjunction with his motion, Defendant Philipps filed 48 exhibits and a request for judicial notice.  See Docket.  This indicates that Defendant Philipps is seeking for the Court to evaluate matters outside of the pleadings to assess the merits of his motion.  If so, the Court would be required to allow additional discovery to be done in order to supplement evidence based on factual challenges.  Planned Parenthood, 890 F.3d at 834.

Accordingly, the Court **DENIES** Defendant Philipps's ex parte motion to continue the ENE and CMC.  The Court finds this case will benefit from a timely ENE and CMC.  The ENE and CMC will remain as scheduled on **October 19, 2020** at **9:30 a.m.** and the parties must comply with all of the requirements set forth in the Court's September 8, 2020 Notice and Order for Early Neutral Evaluation Conference and Case Management Conference.  See ECF No. 25.

**IT IS SO ORDERED**.

Dated:  10/7/2020

Hon. Barbara L. Major
United States Magistrate Judge

that the reporting caused him "severe emotional distress."  Id.