UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. GALLAGHER,<br><br>                         Plaintiff,<br><br>v.<br><br>DAVID PHILIPPS and KENNETH JOHN BRAITHWAITE II, in his capacity as Secretary of the Navy,<br><br>                        Defendants. | Case No.: 20-CV-993 JLS (BLM)<br><br>**ORDER REGARDING APPLICABILITY OF CAL. CIV. PROC. CODE § 425.16(g) AUTOMATIC STAY OF DISCOVERY TO THIS MATTER**<br><br>(ECF No. 34) |

      On October 7, 2020, this Court issued a *Sua Sponte* Order requesting briefing regarding the applicability of California Civil Procedure Code Section 425.16(g)'s automatic discovery stay to this matter. *See generally* ECF No. 34. On October 16, 2020, in accordance with the *Sua Sponte* Order, Defendant Kenneth John Braithwaite II ("Braithwaite's Supp. Br.," ECF No. 37), Plaintiff Edward R. Gallagher ("Pl.'s Supp. Br.," ECF No. 38), and Defendant David Philipps ("Philipps' Supp. Br.," ECF No. 39) filed Supplemental Briefs addressing this issue.

      None of the Parties contend that the automatic stay should apply to the present action. *See* Pl.'s Supp. Br. at 2–6 (claiming that the automatic discovery stay would conflict with Federal Rule of Civil Procedure 56 and is inapplicable to his federal claims against Braithwaite and his Florida state law claims); Philipps' Supp. Br. at 1 ("conced[ing]

that C.C.P. § 425.16(g) does not apply to anti-SLAPP motions brought in federal court"); Braithwaite's Supp. Br. at 1–2 (taking no position as to whether the automatic stay could or should apply to Plaintiff's claims against Philipps, but asserting the stay would not apply to the federal claims brought against him).  Philipps devotes most of his Supplemental Brief to the issue of whether the Court should, in its discretion, grant a temporary discovery stay pending resolution of his Anti-SLAPP Motion. *See* Philipps' Supp. Br. at 3–9. Braithwaite indicates that, while he has not requested a discretionary stay of discovery, he would not oppose one. Braithwaite's Supp. Br. at 2. However, Plaintiff's Supplemental Brief did not address the issue of a discretionary stay, which was not within the scope of the briefing requested in the Court's *Sua Sponte* Order.

Accordingly, in light of the Parties' views on the matter, the Court finds that the automatic discovery stay of California Civil Procedure Code Section 425.16(g) is inapplicable to this matter.  To the extent Philipps' Supplemental Brief requests a discretionary stay of discovery pending the Court's ruling on his Anti-SLAPP Motion, that request is denied without prejudice.  Should Philipps wish to request a stay of discovery pending the resolution of his Anti-SLAPP Motion, he may file a noticed motion seeking that relief, so that Plaintiff may have the opportunity to respond to Philipps' arguments and the Court may have the benefit of the Parties' full briefing on the issue.

**IT IS SO ORDERED.**

Dated:  October 22, 2020

Hon. Janis L. Sammartino
United States District Judge