THOMAS R. BURKE (CA State Bar No. 141930)
    thomsburke@dwt.com
CAESAR KALINOWSKI (*pro hac vice*)
    caesarkalinowski@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:   (415) 276-6500
Facsimile:    (415) 276-6599

CYDNEY SWOFFORD FREEMAN (CA State Bar No. 315766)
    cydneyfreeman@dwt.com
ANDREW G. ROW (CA State Bar No. 319994)
    andrewrow@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, 24th Floor
Los Angeles, California  90017
Telephone:   (213) 633-6800
Facsimile:    (213) 633-6899

Attorneys for Defendant
DAVID PHILIPPS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. GALLAGHER,<br><br>                              Plaintiff,<br><br>       vs.<br><br>DAVID PHILIPPS and THOMAS W. HARKER, in his capacity as Acting Secretary of the Navy,<br><br>                              Defendant. | Case No. 20-CV-0993 JLS (BLM)<br><br>Hon. Barbara L. Major<br><br>**DEFENDANT DAVID PHILIPPS'S UNOPPOSED MOTION TO STAY DISCOVERY**<br><br>[Declaration of Thomas R. Burke and Proposed Order Filed Concurrently] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant David Philipps will and hereby does move this Court, located at  221 West Broadway, San Diego, CA 92101, pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 26(c), for an order staying discovery and all associated upcoming deadlines pending the Court's ruling Defendant Philipps's Special Motion to Strike Plaintiff's Second Through Eighth Causes of Action, or Alternatively, to Dismiss Plaintiff's' First Amended Complaint (the "Anti-SLAPP Motion").

This unopposed motion is based on this notice; the attached memorandum of points and authorities; the concurrently filed declaration of Thomas R. Burke with Exhibit A; any other matters of which this Court may take judicial notice; all pleadings, files, and records in this action; and such other argument as this Court may receive at this motion's hearing if required.

DATED: April 12, 2021

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
CYDNEY SWOFFORD FREEMAN
CAESAR KALINOWSKI
ANDREW G. ROW

By: /s/ Thomas R. Burke
Thomas R. Burke

Attorneys for Defendant
DAVID PHILIPPS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................... 1

II. PROCEDURAL BACKGROUND ...................................... 1

    A. Mr. Philipps' Anti-SLAPP Motions. ................................... 2

    B. The Parties' *Ex Parte* Briefing. ........................................ 2

    C. The Court's *Sua Sponte* Order Regarding Applicability of Automatic Discovery Stay in Cal. Civ. Proc. Code § 425.16(g). ........ 3

    D. The Court's Scheduling Order. ........................................ 4

III. STANDARD OF REVIEW. ............................................. 4

IV. ARGUMENT ............................................................... 5

    A. The Pending Anti-SLAPP Motion is Potentially Dispositive of the Entire Case Against Mr. Philipps. ................................. 5

    B. The Anti-SLAPP Motion Can Be Decided Without Additional Discovery. .................................................................. 6

    C. The Balance of Harms Weighs Heavily in Favor of Staying Discovery. .................................................................. 8

V. CONCLUSION ............................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado, Inc. v. Nielsen*,
    No. 3:17-cv-02366-BAS-KSC, 2018 WL 679483 (S.D. Cal. Jan. 31,
    2018) ................................................................................................. 4, 5

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
    5 F.3d 378 (9th Cir. 1993) ...................................................................... 5

*Appel v. Wolf*,
    18CV814 L (BGS), 2018 WL 6726797 (S.D. Cal. Dec. 20, 2018) ...................... 8

*Davis v. HSBC Bank Nev., N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ............................................................... 7

*GTE Wireless v. Qualcomm, Inc.*,
    192 F.R.D. 284 (S.D. Cal. 2000) ............................................................ 5

*In re Jommi*,
    No. C 13–80212 CRB, 2013 WL 6058201 (N.D. Cal. 2013) ...................... 2, 7

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ............................................................... 2

*Mattel, Inc. v. Luce, Forward, Hamilton & Scripps*,
    99 Cal. App. 4th 1179 (2002) ............................................................... 8

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
    No. CV 12-02943 MMM (FFMx), 2013 WL 12129944 (C.D. Cal.
    Jan. 14, 2013) ............................................................................. 4, 8, 9

*Moser v. Encore Cap. Grp., Inc.*,
    No. 04CV2085-LAB, 2007 WL 1114113 (S.D. Cal. Mar. 27, 2007) .................. 4

*Openiano v. Hartford Life & Annuity Ins. Co.*,
    No. 18-CV-0943-AJB-AGS, 2018 WL 9516045
    (S.D. Cal. Oct. 16, 2018) ............................................................. 1, 5, 8

*Planned Parenthood Federation of America, Inc. v. Center for Medical
    Progress*,
    890 F.3d 828 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019)................. 6, 9

ii

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .................................................................. 4

*Top Rank, Inc. v. Haymon*,
   No. CV 15-4961-JFW (MRWx) , 2015 WL 952887
   (C.D. Cal. Sept. 17, 2015).................................................................... 5

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................. 7

*Von Saher v. Norton Simon Museum of Art*,
   592 F.3d 954 (9th Cir. 2010) .................................................................. 7

*Winter v. DC Comics*,
   30 Cal. 4th 881 (2003) .......................................................................... 9

**Statutes**

California Code of Civil Procedure
   § 425.16........................................................................................... 2
   § 425.16(g) ..................................................................................... 3, 4

**Rules**

Federal Rule of Civil Procedure
   12(b)(6) ................................................................................... 4, 5, 7, 8
   26(c) ............................................................................................... 5
   56...................................................................................................... 8

## I.    INTRODUCTION

On September 23, 2020, Defendant David Philipps filed a Special Motion to Strike Plaintiff's Second Through Eighth Causes of Action, or Alternatively, to Dismiss Plaintiff's' First Amended Complaint (the "Anti-SLAPP Motion").  (Dkt. No. 26.)  By November 5, 2020, the Anti-SLAPP Motion was fully briefed.  (*See* Dkt. No. 48.)  As of the time of filing this Motion, the Court has yet to rule on the Anti-SLAPP Motion.  Mr. Philipps, therefore, respectfully moves for an expedited order staying discovery and the upcoming deadlines[1] in the Court's Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Scheduling Order") (Dkt. No. 42) until the Court rules on Mr. Philipps's pending Anti-SLAPP Motion.  This request is unopposed.[2]

Good causes exists for the Court to exercise its inherent authority to stay discovery because the pending Anti-SLAPP Motion "is potentially dispositive of the entire case" and "can be decided absent additional discovery," and because the balance of harms weighs in favor of staying discovery.  *Openiano v. Hartford Life & Annuity Ins. Co.*, No. 18-CV-0943-AJB-AGS, 2018 WL 9516045, at *1–2 (S.D. Cal. Oct. 16, 2018).

## II.    PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on May 29, 2020, alleging defamation and intentional infliction of emotional distress ("IIED") claims against Mr. Philipps over various articles and other journalistic statements Mr. Philipps made regarding

---

[1]  To be clear, the requested stay of discovery Mr. Philipps seeks would not affect deadlines in the Scheduling Order that have already passed.

[2]  Mr. Philipps's counsel informed Plaintiff's counsel of Mr. Philipps's intention of filing the current Motion.  Plaintiff's counsel indicated Plaintiff consents to this request, and counsel for the Navy indicated it has no objection to this request.  (Declaration of Thomas R. Burke ("Burke Decl.") ¶¶ 8–10.)

Plaintiff's court martial proceedings and allegations. (Dkt. No 1.) The complaint also asserted a Privacy Act claim against the Navy defendants only. (*Id.*)

**A.      Mr. Philipps' Anti-SLAPP Motions.**

On August 4, 2020, Mr. Philipps moved to strike Plaintiff's complaint pursuant to C.C.P. § 425.16, challenging the legal sufficiency of Plaintiff's claims. (Dkt. No. 17.) Rather than answer Mr. Philipps's anti-SLAPP motion, Plaintiff—fully aware of the fatal flaws in his claims—amended his complaint on August 24, 2020. (Dkt. No. 20 ("FAC").)

On September 23, 2020, Mr. Philipps responded to Plaintiff's FAC by again moving to strike Plaintiff's claims, which the FAC styled as both Florida and California claims for defamation and IIED. (Dkt. No. 26.) Mr. Philipps's Anti-SLAPP Motion again challenged the legal sufficiency of Plaintiff's claims, raising only defenses that may be determined as a matter of law considering the face of the FAC and materials subject to judicial notice, such as the specific articles alleged to be defamatory (incorporated by reference into the FAC, *Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005)) and the Plaintiff's charge sheet (a "public record[] of [a] governmental entit[y]" appropriate for judicial notice. *See In re Jommi*, No. C 13–80212 CRB, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013)).

By November 5, 2020, the Anti-SLAPP Motion was fully briefed. (*See* Dkt. No. 48.) As of the time of filing this Motion, the Court has not ruled on Plaintiff's Anti-SLAPP Motion.

**B.      The Parties' *Ex Parte* Briefing.**

On September 8, 2020, the Court filed a Notice and Order (the "Order") for Early Neutral Evaluation Conference ("ENE Conference") and Case Management Conference ("CMC"). (Dkt. No. 25.) On September 28, 2020, Mr. Philipps moved *ex parte* to postpone the ENE Conference, the CMC, and the discovery deadline in the related order—namely, the parties' initial disclosures, which were set to be exchanged on October 12, 2020—until the Court ruled on Mr. Philipps's pending

1  Anti-SLAPP Motion.  (Dkt. No. 29.)  Plaintiff opposed the request.  (Dkt. No. 32.)
2  The Navy likewise opposed the motion "to the extent [the motion] seeks to permit
3  discovery to proceed prior to the exchange of initial disclosures and the case
4  management conference," but stated it had "no objection" to staying "all discovery .
5  . . until Defendant Philipps's anti-SLAPP Motion is resolved."  (Dkt. No. 31 at 4–5)
6       On October 7, 2020, the Court denied Mr. Philipps's *ex parte* motion to
7  continue the ENE Conference, CMC, and related deadlines, suggesting that
8  "Defendant Philipps's motion could involve issues of fact in addition to issues of
9  law" and noting that "Defendant Philipps filed 48 exhibits and a request for judicial
10  notice," which the Court found "indicates that Defendant Philipps is seeking for the
11  Court to evaluate matters outside of the pleadings to assess the merits of his
12  motion," in which case discovery would be appropriate.  (Dkt. No. 35 at 4–5.)

13  **C.  The Court's *Sua Sponte* Order Regarding Applicability of Automatic**
14  **Discovery Stay in Cal. Civ. Proc. Code § 425.16(g).**

15       On October 7, 2020, the Hon. Janis L. Sammartino issued a *Sua Sponte* Order
16  Requesting Briefing on the Applicability of Cal. Civ. Proc. Code § 425.16(g) to
17  This Matter.  (Dkt. No. 34.)  On October 16, 2020, all the parties filed their opening
18  briefs addressing the questions raised by the Court's *Sua Sponte* Order.  (*See* Dkt.
19  Nos. 37, 38, 39.)   In short, in his briefing, Mr. Philipps conceded that the anti-
20  SLAPP statute's automatic stay provision (section 425.16(g)) did not apply in
21  federal court but nonetheless argued that the Court should exercise its inherent
22  authority to stay discovery between Plaintiff and Mr. Philipps pending the Anti-
23  SLAPP Motion's resolution.  (*See* Dkt. No. 39 at 2–10.)  On October 22, 2020, the
24  Court issued an Order holding that the automatic discovery stay in section
25  425.16(g) is inapplicable to this matter and that "[t]o the extent Philipps's
26  Supplemental brief requests a discretionary stay of discovery pending the Court's
27  ruling on his Anti-SLAPP motion, that request is denied without prejudice."  (Dkt.
28  No 41 at 2.)  The Court held that "[s]hould Philipps wish to request a stay of

discovery pending the resolution of his Anti-SLAPP Motion, he may file a notice motion seeking that relief, so that Plaintiff may have the opportunity to respond to Philipps' arguments and the Court may have the benefit of the Parties' full briefing on the issue." (*Id.*)

**D.     The Court's Scheduling Order.**

On October 28, 2020, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings (the "Scheduling Order").  (Dkt. No. 42.) Pursuant to the Scheduling Order, among other deadlines, the parties' deadline to complete fact discovery is May 14, 2021.  (*Id.*)

### III.   STANDARD OF REVIEW.

The court has the discretion to stay discovery as part of its "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."  *Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366-BAS-KSC, 2018 WL 679483, at *1 (S.D. Cal. Jan. 31, 2018) (quoting *Moser v. Encore Cap. Grp., Inc.*, No. 04CV2085-LAB, 2007 WL 1114113, *3 (S.D. Cal. Mar. 27, 2007)).

As recognized by the Ninth Circuit, the purpose of Federal Rule of Civil Procedure 12(b)(6) is to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  For that reason, district courts often grant motions to stay pending the resolution of dispositive motions, including anti-SLAPP motions.  *See, e.g.*, *Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 WL 12129944, at *3–5 (C.D. Cal. Jan. 14, 2013) (recognizing court's "inherent discretion to stay proceedings in view of the purposes of the anti-SLAPP statute;" briefly staying discovery pending resolution of media defendants' anti-SLAPP motion brought under Rule 12(b)(6) standard); *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (affirming district court's discovery stay pending defendant's motion to dismiss);

*Top Rank, Inc. v. Haymon*, No. CV 15-4961-JFW (MRWx), 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015) (staying discovery pending ruling on motion to dismiss).

"While the Ninth Circuit has not set out an exact standard" for a motion to stay discovery, "courts in this district have generally followed a two-pronged analysis.  A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending motion is potentially dispositive of the entire case, and (2) it can be decided absent additional discovery." *Al Otro Lado*, 2018 WL 679483, at *1.  If those two prongs are met, the Court must still "determine whether it is an appropriate case to exercise its discretion to stay authority.  In doing so, the Court must 'properly balance the harm of staying discovery.'" *Openiano*, 2018 WL 9516045, at *2.

## IV.   ARGUMENT

### A.   The Pending Anti-SLAPP Motion is Potentially Dispositive of the Entire Case Against Mr. Philipps.

Mr. Philipps's pending Anti-SLAPP motion challenges the legal sufficiency of all Plaintiff's claims against him and is potentially dispositive of *all* claims against him.

In evaluating the first prong in deciding whether to stay discovery, "the Court is obligated to take a 'preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate or clear possibility that it will be granted.'" *Al Otro Lado*, 2018 WL 679483, at *2 (quoting *GTE Wireless v. Qualcomm, Inc.*, 192 F.R.D. 284, 285, 286 (S.D. Cal. 2000)).

It is clear that under a "preliminary peek" of the Anti-SLAPP motion, that there is an "immediate or clear possibility that it will be granted." *Id.*  As fully explained in the pending Anti-SLAPP Motion, whether analyzed under California or Florida law, Plaintiff's defamation claims fail as *a matter of law* for several reasons.  *First*, Plaintiff's FAC fails to identify or explain specific *defamatory*

statements, as required by law.  (*See* Dkt. No. 26 § VI.A.1.)  *Second*, even assuming any statement could surmount all the other defenses enumerated, Plaintiff failed to adequately demand a correction and did not plead and cannot prove that he suffered any special damages, as required by California and Florida law—an error fatal to his claims.  (*See* Dkt. No. 26 § VI.A.2.)  *Third*, Plaintiff's own complaint admits that Mr. Philipps sourced his articles by attending and reporting on official government proceedings and relying on government documents; consequently, the articles at issue constitute a fair and true report of government proceedings and documents and enjoy an ***absolute privilege*** from liability.  (*See* Dkt. No. 26 § VI.A.3.)  *Fourth*, for similar reasons, Plaintiff has not adequately pleaded that any statement is substantially false.  (*See* Dkt. No. 26 § VI.A.4.)  *Fifth*, many of the statements seeming to form the basis of Plaintiff's defamation claims are non-actionable opinion as a matter of law.  (*See* Dkt. No. 26 § VI.A.5.)  *Finally*, many other challenged statements are not "of and concerning" Plaintiff.  (*See* Dkt. No. 26 § VI.A.6.)

Consequently, a "preliminary peek" of the Anti-SLAPP Motion reveals that there is an "immediate or clear possibility that it will be granted" and that it will be dispositive of the entire case against Mr. Philipps.  Therefore, the first prong is satisfied.

**B.      The Anti-SLAPP Motion Can Be Decided Without Additional Discovery.**

Mr. Philipps's Anti-SLAPP Motion challenges the legal sufficiency of Plaintiff's claims against Mr. Philipps.  As a result, it can be decided without additional discovery.

In *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, the Ninth Circuit recognized that not all anti-SLAPP motions are alike and adopted a two-tiered approach to anti-SLAPP motions.  890 F.3d 828, 834 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019).  Where "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply

the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* Where the anti-SLAPP motion attacks the legal sufficiency of the claims, discovery is not necessary, as the court, in applying the Rule 12(b)(6) standard, is evaluating whether plaintiff's claim are properly pleaded as a matter of law. *Id.* On the other hand, when an anti-SLAPP motion attacks the *factual* sufficiency of the claims, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Id*.

In support of his Anti-SLAPP Motion, Mr. Philipps submitted various documents to the Court with a request for judicial notice, each appropriate for consideration when considering Mr. Philipps's motion pursuant to the Rule 12(b)(6) standard:

- The articles apparently at issue in Plaintiff's FAC (Dkt. Nos. 26-4 – 26-34), each incorporated by reference and appropriate for consideration. *See, e.g.*, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). (*See also* Dkt. 26-50 at 1–2.)

- Plaintiff's government charge sheet (Dkt. No. 26-3), appropriate for judicial notice as a public record and government document. *See, e.g.*, *In re Jommi*, 2013 WL 6058201, at *1 n.1. (*See also* Dkt. 26-50 at 3.)

- Additional articles evidencing other articles written about Plaintiff's charges and court martial (Dkt. Nos. 26-35 – 26-49), introduced solely to "indicate what was in the public realm at the [relevant] time"—notably, not necessary to rule on the motion, but nevertheless appropriate for judicial notice in considering a motion under Rule 12(b)(6) standards. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of various publications "solely as an indication of what

1 information was in the public realm at the time" in ruling on Rule 12(b)(6)

2 motion to dismiss).  (*See also* Dkt. Nos. 26-50 at 3–4.)

3 Moreover, since the Anti-SLAPP Motion was fully briefed, the Navy has

4 released a redacted transcript of Plaintiff's court martial.  (*See* Dkt. No. 55.)  Each

5 of these documents properly is the subject of judicial notice and able to be

6 considered by the court in deciding an anti-SLAPP motion against the pleadings or

7 a Rule 12(b)(6) motion to dismiss without needing to analyze the motion pursuant

8 to Rule 56.  (*See* Dkt. No. 26-50); *see also Appel v. Wolf*, No. 18CV814 L (BGS),

9 2018 WL 6726797, at *3 (S.D. Cal. Dec. 20, 2018) (recognizing that, in resolving

10 anti-SLAPP motion under the Rule 12(b)(6) standard, a court may consider

11 documents incorporated by reference in the complaint).

12 As a result, because Mr. Philipps's Anti-SLAPP Motion turns entirely on

13 questions of law, it can be, and should be, decided without additional discovery.

14 Therefore, the second prong is satisfied.

15 **C.   The Balance of Harms Weighs Heavily in Favor of Staying Discovery.**

16 In addition to the first and second prongs being satisfied, the balancing of

17 harms weighs heavily in favor of the Court "exercise[ing] its discretion to stay

18 authority." *Openiano*, 2018 WL 9516045, at *2.

19 *First*, briefly staying discovery will further one of the "basic purposes" of

20 California's anti-SLAPP statute: to "allow for the prompt resolution of meritless

21 cases aimed at chilling expression prior to the time significant pretrial discovery

22 expenses are incurred." *Mireskandari*, 2013 WL 12129944, at *3.  *See also Mattel,*

23 *Inc. v. Luce, Forward, Hamilton & Scripps,* 99 Cal. App. 4th 1179, 1190 (2002)

24 ("[N]ot only did the Legislature desire early resolution to minimize the potential

25 costs of protracted litigation, it also sought to protect defendants from the burden of

26 traditional discovery pending resolution of the motion."); *Mireskandari*, 2013 WL

27 12129944, at *5 ("The public, moreover, has an interest in maintaining the

28 protection of free expression reflected forth in the anti-SLAPP statute.").

8

Plaintiff's initial disclosures state that he will seek discovery from Mr. Philipps regarding "the sources (or lack thereof) that he based his false statements on, and whether he lied to the New York Times to bypass fact-checking" – *i.e.*, the heart of Mr. Philipps's journalistic practices, sources, and editorial processes. *See* Burke Decl. ¶ 4, Ex. A (Plaintiff's initial disclosures). Like in *Mireskandari*, permitting discovery to proceed as to Mr. Philipps "would expose [him] to the sort of intrusive, expensive, and expression-chilling discovery and litigation that the anti-SLAPP statute was specifically enacted to avoid." 2013 WL 12129944, at *3. *See also Winter v. DC Comics*, 30 Cal. 4th 881, 892 (2003) ("[B]ecause unnecessarily protracted litigation would have a chilling effect upon the exercise of First Amendment rights, speedy resolution of cases involving free speech is desirable.").

*Second*, staying discovery will not prejudice Plaintiff. As discussed *supra*, Mr. Philipps's Anti-SLAPP Motion challenges only the *legal* sufficiency of Plaintiff's claims, not their *factual* sufficiency. Accordingly, no discovery is needed to rule on the motion. *See Planned Parenthood,* 890 F.3d at 834. The stay requested is no more than necessary to assist the "speedy resolution" of Plaintiff's claims against Mr. Philipps, which implicate his First Amendment rights. *See Mireskandari*, 2013 WL 12129944, at *5 (defendants "have not requested a lengthy stay" and "ask[ed] only that proceedings be stayed until the court rules on their anti-SLAPP motion, which will happen in the near future," weighed in favor of discovery stay).

*Finally*, briefly staying discovery promotes efficiency. "Permitting plaintiff to compel discovery concerning claims the court may ultimately strike in response to defendants' anti-SLAPP motion would lead to costly and wasteful proceedings. . . . [S]taying discovery until the court issues a final order on the anti-SLAPP motion will permit plaintiff to conduct more tailored and efficient discovery on any remaining claims." *Mireskandari*, 2013 WL 12129944, at *4. Mr. Philipps's Anti-

9

SLAPP Motion challenges the legal sufficiency of *all* Plaintiff's claims against him, and may absolve the need for *any* discovery related to those claims.  Staying discovery until the Anti-SLAPP Motion is decided may save the parties significant time and money preparing and responding to potentially unnecessary discovery as to Plaintiff's defamation and related claims.

In conclusion, the balance of harms weighs heavily in favor of granting the requested stay of discovery pending the Court's ruling on Mr. Philipps's Anti-SLAPP Motion.

## V.   CONCLUSION

Because Mr. Philipps's Anti-SLAPP motion is potentially dispositive of all of Plaintiff's claims against Mr. Philipps, can be decided without additional discovery, and the balance of harms weighs in favor of granting a stay of discovery, this Court should exercise its inherent authority to stay discovery pending the Anti-SLAPP Motion's resolution.

DATED: April 12, 2020

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
CYDNEY SWOFFORD FREEMAN
CAESAR KALINOWSKI (*pro hac vice*)
ANDREW G. ROW


By:  /s/ *Thomas R. Burke*
Thomas R. Burke

Attorneys for Defendant
DAVID PHILIPPS

UNOPPOSED MOTION TO STAY DISCOVERY
Case No. 20 CV0993 JLS BLM