UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. GALLAGHER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID PHILIPPS and THOMAS W. HARKER, in his capacity as Acting Secretary of the Navy,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-0993-JLS(BLM)<br><br>**ORDER GRANTING DEFENDANT DAVID PHILIPPS' UNOPPOSED MOTION TO STAY DISCOVERY**<br><br>**[ECF No. 59]** |

On April 12, 2021, Defendant David Philipps filed an Unopposed Motion to Stay Discovery. ECF No. 59.  Defendant Philipps previously filed an *ex parte* motion on September 28, 2020, "to postpone the ENE Conference, CMC, and the related discovery deadlines". ECF No. 28. Plaintiff Edward R. Gallagher opposed the motion, arguing that "an anti-SLAPP motion brought in federal court in California violates the Federal Rules of Civil Procedure (FRCP) when it prevents application of the usual federal standards, including regarding discovery" and asserting that the Court should open discovery. See ECF No. 32, at 3 (citing Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973 (C.D. Cal. 1999)).  The Court denied Defendant Philipps's motion finding that the pending anti-SLAPP motion, which was not yet fully briefed, may require discovery and that the "case will benefit from a timely ENE and CMC." ECF No. 35, at 5.

On October 7, 2020, District Judge Janis L. Sammartino issued a *Sua Sponte* Order Requesting Briefing on the Applicability of Cal. Civ. Proc. Code § 425.16(g) and its automatic

discovery stay to this action. See ECF No. 34, at 2. After the parties filed Supplemental Briefs addressing this issue, none of the parties contended that the automatic stay should apply to the present action. See ECF Nos. 37, 38, & 39. Plaintiff claimed the automatic discovery stay would conflict with FRCP 56 and is inapplicable to his federal claims against Braithwaite and his Florida state law claims. ECF No. 38, at 2-6. Defendant Philipps conceded "that C.C.P. § 425.16(g) [did] not apply to anti-SLAPP motions brought in federal court". ECF No. 39, at 1. Defendant Braithwaite took no position as to whether the automatic stay could or should apply to Plaintiff's claims against Philipps, but asserted the stay would not apply to the federal claims brought against him. ECF No. 37, at 1-2. Ultimately, the Court found "that the automatic stay of California Civil Procedure Section 425.16(g) is inapplicable to this matter." See ECF No. 41, at 2. However, the Court also stated that, "[s]hould Philipps wish to request a [discretionary] stay of discovery pending the resolution of his Anti-SLAPP Motion, he may file a noticed motion seeking that relief, so that Plaintiff may have the opportunity to respond to Philipps' arguments and the Court may have the benefit of the Parties' full briefing on the issue." Id.

Defendant Philipps's current motion requesting a discretionary stay of discovery is unopposed. See ECF No. 59. Defendant seeks to stay discovery "because the pending Anti-SLAPP Motion is potentially dispositive of the entire case and can be decided absent additional discovery, and because the balance of harms weighs in favor of staying discovery." Id. (citing Openiano v. Hartford Life & Annuity Ins. Co., 18-cv-0943-AJB-AGS, 2018 WL 9516045, at *1-2 (S.D. Cal. Oct. 16, 2018)).

The Court has the discretion to stay discovery as part of its "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Al Otro Lado, Inc. v. Nielsen, No. 17-cv-2366-BAS-KSC, 2018 WL 679483, at *1 (S.D. Cal. Jan. 31, 2018) (quoting Moser v. Encore Cap. Grp., Inc., No. 04-cv-2085-LAB, 2007 WL 1114113, at *3 (S.D. Cal. Mar. 27, 2007)). Although "the Ninth Circuit has not set out an exact standard, courts in this district have generally followed a two-pronged analysis." Id., at *1. "A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending motion is potentially dispositive of the entire case, and (2) it can be decided absent additional discovery. Id. (citing Adams v. AllianceOne, Inc., 2008 WL 11336721 (S.D. Cal. Oct. 22, 2008). Both prongs must be satisfied to stay discovery. Id. Here, the parties agree that both elements are satisfied. ECF

No. 59.  The Court agrees and finds that no party will be unduly prejudiced by the requested discovery stay.

Counsel for Plaintiff and the Navy disagree as to the scope of the discovery stay.  ECF No. 59-1, Declaration of Thomas R. Burke In Support of Defendant David Philipps's Motion to Stay Discovery, at ¶¶ 7-9.  The Navy seeks a stay of all discovery "with the remaining 6 weeks of discovery to immediately recommence upon the Court's resolution of the Anti-SLAPP Motion."  Id., at ¶ 7.  Plaintiff concurs with the requested stay but "hope[s] . . . the Navy will continue to 'process' the document requests Plaintiff already propounded" as they "require an extensive search of the Navy's systems and, likely, a declassification review[.]"  Id., at ¶ 8.  The Court finds it appropriate to stay all discovery with the remaining period of discovery to recommence immediately upon Judge Sammartino's ruling on the Anti-SLAPP motion.  The Court, however, notes that it will not extend the time allowed for the Navy to respond to Plaintiff's pending discovery motions so if the responses require a lengthy review, the Navy should continue to work on their response during the stay.

Accordingly, the Court **GRANTS** Defendant Philipps's unopposed motion to stay discovery.  All future dates and deadlines, including all deadlines for serving and responding to discovery, are stayed and will recommence immediately upon the filing of Judge Sammartino's order on Defendant Philipps's anti-SLAPP motion.  To be clear, this order means that if a discovery response currently is due 10 days from today, the response will be due 10 days after Judge Sammartino's order.  Similarly, if a court deadline, such as the deadline for designating experts, is 30 days from today then the deadline for designating experts will be 30 days after Judge Sammartino's order.  To prevent confusion, the parties must file within five court days after the issuance of Judge Sammartino's order, a joint status report and proposed order containing all of the new dates and deadlines.

**IT IS SO ORDERED**.

Dated:  4/21/2021

Hon. Barbara L. Major
United States Magistrate Judge