UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. GALLAGHER, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID PHILIPPS, an individual; CARLOS DEL TORO, in his capacity as Secretary of the Navy,<br><br>　　　　　Defendants. | Case No.:  20cv00993-LL-BLM<br><br>**ORDER GRANTING JOINT MOTION REGARDING THE AWARD OF ATTORNEY'S FEES AND COSTS TO PLAINTIFF**<br><br>**[ECF No. 83]** |

**I.     INTRODUCTION**

Plaintiff Edward R. Gallagher ("Plaintiff") brings this action concerning the violation of his privacy under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act") and various claims of defamation against David Philipps, a journalist for the New York Times ("Philipps"), and Carlos del Toro, the Secretary of the Navy ("Braithwaite" or the "Secretary"). ECF No. 20. Before the Court is the Joint Motion of Plaintiff and the Secretary asking the Court to (1) award Plaintiff $36,794.30 in attorney's fees and costs and (2) enter judgment (the "Joint Motion"). ECF No. 83. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

/ / /

## II. BACKGROUND

### A. Statement of Facts

On September 11, 2018, Plaintiff was arrested on charges related to his 2017 deployment with Iraq with SEAL Team 7, Alpha Platoon ("ST7-A"). Compl. ¶ 13. Plaintiff pled guilty and was placed in pretrial confinement. *Id.* He pleads that, *inter alia*, because he did not quickly plead guilty, various Naval organizations illegally leaked documents to various news reports, expecting the negative publicity would pressure him into taking a plea and influence the jury. *Id.* at ¶ 23. Plaintiff also alleges that starting on April 23, 2019, Philipps published articles containing false and misleading information about Plaintiff. *Id.* at ¶ 36.

### B. Procedural History

On December 6, 2021, Plaintiff and the Secretary filed a joint notice of acceptance of Del Toro's Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"). ECF No. 79. The offer Plaintiff accepted allowed for entry of judgment to be taken against the Secretary and in favor of Plaintiff for (1) $103,096.83; (2) "the costs of the action," 5 U.S.C. § 552a(g)(4)(B), incurred prior to the date of [the] offer during the course of litigating"; and (3) "reasonable attorney fees[,] as determined by the court," 5 U.S.C. § 552a(g)(4)(B), incurred prior to the date of [the] offer during the course of litigating." ECF No. 79-1; *see also* ECF No. 83. This offer did not specify a fixed amount of fees and costs. ECF No. 83 at 3:3-5.

On February 1, 2022, Plaintiff and Philipps filed a notice of dismissal pursuant to Rule 41(a) (1)(A)(i) of the Federal Rules of Civil Procedure, voluntarily dismissing the case *with prejudice* against Philipps. ECF No. 82.

On March 2, 2022, Plaintiff and Federal Defendant filed the instant Joint Motion. ECF No. 83.

## III. LEGAL STANDARD

### A. Joint Motion for Attorney's Fees

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a

federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Any "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

Rule 68 is "a federal statute … provid[ing] otherwise" that allows for the recovery of attorney's fees. Fed. R. Civ. P. 54(d)(1), 68. It allows a party defending a claim in a lawsuit to serve on the opposing party, any time more than 14 days before trial, "an offer to allow judgment on specified terms, with the costs then accrued." "Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain." *Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 352 (1981). Because "costs" in an action brought under the Privacy Act of 1974 include attorney's fees, "a plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued at the time of the offer." *Cf. Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994) (citing *Marek*, 473 U.S. at 9); *see also* 5 U.S.C. § 552a(g)(4)(B) (stating that, in a damages action under the Privacy Act, the United States is liable for "the costs of the action together with reasonable attorney fees as determined by the court"). Thus, "a prevailing plaintiff under an accepted Rule 68 Offer, which provides for the award of reasonable attorney's fees, is entitled, under the Rule 68 Offer, to an award of fees in *some* amount." *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017). However, when a plaintiff accepts an Offer of Judgment pursuant to Rule 68 that explicitly states a cut-off date for recoverable attorneys' fees and costs, he or she may not recover attorneys' fees and costs after that cut-off date. *See, e.g.*, *Guerrero v. Cummings*, 70 F.3d 1111, 1114 (9th Cir. 1995), *cert. denied* 518 U.S. 1018 ("Even though there may be a post-offer proceeding, the terms of the offer—not the terms of Rule 68—control the cut-off of attorney's fees and costs.").

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)

(citation omitted). This obligation to assess the reasonableness of fees applies even if parties jointly move or stipulate to the amount of fees sought, especially where the statute governing attorney's fees limits the fees available to "reasonable attorney's fees." *See Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (recognizing "an independent obligation to ensure that any attorneys' fee award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount"); *see also Mansour v. Kijakazi*, No. 3:20-cv-01827-WVG, 2022 U.S. Dist. LEXIS 32122, at *3 (S.D. Cal. Feb. 23, 2022) (Gallo, J.) (granting a joint motion for award of attorney's fees after evaluating the reasonableness of the hourly rate and hours billed).

"To determine the amount of a reasonable fee, district courts typically proceed in two steps: first, courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee; and second, the district court may then adjust the lodestar upward or downward based on a variety of factors, including the degree of success obtained by the plaintiffs." *Bravo v. City of Santa Maria*, 810 F.3d 659, 665-66 (9th Cir. 2016); *see also Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (applying the lodestar method to a FOIA case). The Supreme Court has indicated that the degree of success obtained is "'the most critical factor' in determining the reasonableness of a fee award." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). "It is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Ky. Fried Chicken,* 51 F.3d 805, 810 (9th Cir. 1994).

"The Supreme Court has instructed that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, an approach commonly known as the lodestar method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (internal quotations omitted) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate."). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

If the moving party in a fee motion "satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1993). However, "[i]n determining the reasonableness of the award, there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged, and the number of hours expended." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In this regard, courts consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3.

### B.  Entry of Judgment

"If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service," and "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). "Every judgment . . . must be set out in a separate document." Fed. R. Civ. P. 58(a). However, "judgment" means "any order from which an appeal lies." Fed. R. Civ. P. 54(a). In general, the Court of Appeals reviews only final orders and decisions of a district court. *See* 28 U.S.C. § 1291. Thus, for the Court to enter judgment in this case, it must find this case

appropriate for a "final order." A "final decision" is one "by which a district court disassociates itself from a case." *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42 (1995); *see also Catlin v. United States,* 324 U.S. 229, 233 (1945) (holding that a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

## IV. DISCUSSION

### A. Joint Motion for Attorney's Fees

The parties agree that both the number of hours for which Plaintiff's counsel will be compensated and counsel's hourly rates are reasonable. ECF No. 83 at 3:26-27. Upon performing the Court's independent obligation to evaluate the reasonableness of the fees sought, the Court agrees.

#### 1. *Reasonable Hourly Rates*

"In establishing the reasonable hourly rate, the Court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015).

The parties indicate the hourly rates at which Plaintiff's counsel will be reimbursed are reasonable, which are shown below:

| Counsel: | Role: | Years of Experience: | Hourly Rate: |
|---|---|---|---|
| Timothy Parlatore | Lead Counsel | 14 | $500.00 |
| Elizabeth Candelario | Attorney | 11 | $425.00 |
| Maryam Hadden | Attorney | 24 | $425.00 |
| Molly Shirer | Attorney | 25 | $325.00 |

*Id.* at 4:1-14.

The parties indicate these rates are consistent as being reasonable in the Southern District of California. ECF No. 83 at 4:15-17. "The reasonable hourly rate component is determined by considering the prevailing rate in the community where the district court sits by attorneys of comparable experience." *Puccio v. Love,* Case No. 3:16-02890-W-

BGS, 2020 WL 434481, at *2 (S.D. Cal. Jan. 28, 2020) (Whelan, J.). "Over the course of the past several years, courts in [the Southern District of California] have awarded hourly rates for work performed in civil cases by attorneys with significant experience anywhere in range of $550 per hour to more than $1000 per hour." *Soler v. Cty. of San Diego*, 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021), *appeal dismissed sub nom. Soler v. Wilkins*, No. 21-55760, 2021 WL 4979447 (9th Cir. Aug. 19, 2021); *see also Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 980 (S.D. Cal. 2014) (Sammartino, J.) (holding that an hourly rate of $650.00 per hour was reasonable for a partner); *Youngevity Int'l, Corp. v. Smith*, No. 3:16-cv-00704-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) (Burkhardt, J.) ("Courts in this district have held a range of rates from $450-750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties.").

The hourly rates at which Plaintiff's counsel seek reimbursement are reasonable.

### 2. *Plaintiff's Counsel Expended Reasonable Hours*

Having determined the hourly rate was reasonable, the Court must determine whether the number of hours expended on the case was reasonable. In seeking attorneys' fees, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity, so the district court can assess the time claimed for each activity." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

In this case, Plaintiff has not provided the Court with any documentation of their

attorney's fees to verify the fees sought. However, the parties indicate Plaintiff will receive compensation for 86.79 hours of legal work, which they contend is a reasonable number of hours for a case of this nature, which was filed May 29, 2020, and involved document discovery. ECF No. 83 at 3:27-4:1. The Court agrees that given this case has been pending for almost two years and has involved discovery disputes as well as attacks on the pleadings, 86.79 hours of legal work is reasonable.

Having found both the hourly rate and number of hours billed reasonable, the Court **GRANTS** Plaintiff and the Secretary's Joint Motion to award Plaintiff **$35,833.50** in attorney's fees.

### B.    Costs

Plaintiff and Defendant also ask the Court to enter judgment for costs in this case, which amount to $960.80 and encompass filing fees and related litigation costs. ECF No. 83 at 4:18-20. In reviewing cost assessments, district courts consider (1) whether the costs are allowable and (2) if so, whether the amount assessed for each item is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Awardable expenses must still include documentation to support the expenses. *G & G Closed Circuit Events, LLC v. Aguilar*, No. 18-cv-00465-JM-BGS, 2018 WL 6445883, at *3 (S.D. Cal. Dec. 10, 2018) (Miller, J.). Here, Plaintiff provides no documentation for the fees sought to allow the Court to ensure that the fees sought are recoverable under the law. *But see Aguilar*, 2018 WL 6445883, at *3 (denying a request for reimbursement of $32.01 in courier fees where the attorney did not submit any documentation in support of his expense). However, the filing fee in this case amounts to $402.00. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). This is at least half of the amount of expenses sought. *See, e.g.*, *Aguilar*, 2018 WL 6445883, at *3 (awarding reimbursement of the $400.00 filing fee).

Because Defendant does not oppose the remainder of the costs, and the Court finds the difference of $558.80 reasonably and likely arose from recoverable expenses, the Court **GRANTS** Plaintiff and the Secretary's Joint Motion to award Plaintiff **$558.80** in costs.

### C. Entry of Judgment

On February 1, 2022, Plaintiff and Philipps filed a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, voluntarily dismissing the case *with prejudice* against Philipps. ECF No. 82. Because Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure does not require a court order to dismiss a party, Philipps was dismissed upon filing of the notice of dismissal, leaving only the Secretary as the remaining defendant. In Plaintiff and the Secretary's Joint Motion, they ask the Court to, in addition to awarding attorney's fees and costs, enter judgment. ECF No. 83. at 3:10-11, 5:1-3. With the settlement of the Secretary's claims, no parties or claims remain in this case. Thus, Plaintiff and the Secretary ask the Court enter final judgment as to the claim against the Secretary pursuant to the Rule 68 Offer of Judgment because with Philipps' dismissal, "there is 'no just reason' to further delay entry of final judgment." ECF No. 83 at 5 (citing Fed. R. Civ. P. 54(b)). The Court agrees that entry of final judgment is appropriate in this matter and instructs the Clerk of the Court to enter judgment as set forth below.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** the Joint Motion as follows:

1. The Joint Motion for Attorneys' Fees and Costs is **GRANTED**. ECF No. 83. The Clerk of the Court is instructed to enter judgment in favor of Plaintiff Edward R. Gallagher and against Defendant Carlos Del Toro in his capacity as the Secretary of the Navy in the following amounts:

| Item: | Amount: |
|---|---|
| **Judgment:** | $103,096.83 |
| **Attorney's Fees:** | $35,833.50 |
| **Costs:** | $960.80 |
| **TOTAL:** | **$139,891.13** |

2. The Clerk of the Court is directed to close the case after entering judgment.

**IT IS SO ORDERED.**

DATED:   March 22, 2022

**HON. LINDA LOPEZ**
United States District Judge